**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Germaine Holloway,

Plaintiff,

v.

AAA-Area Agency on Aging, et al.,

Defendants.

No. CV-26-06780-PHX-MTL

**ORDER**

Pending before the Court is Plaintiff Germaine Holloway's Motion for Alternative Service (Doc. 25).

Federal Rule of Civil Procedure 4(e) permits service on an individual within a judicial district of the United States by either (1) following state law for service in the state "where the district court is located or where service is made," or (2) delivering the summons and complaint personally, leaving copies at the individual's dwelling with a person of suitable age and discretion who resides there, or delivering copies to an authorized agent.

Arizona Rule of Civil Procedure 4.1(d) mirrors these traditional methods of service. Rule 4.1(k), however, permits service by alternative means if the movant shows that service under Rules 4.1(c) through (j) is "impracticable." If alternative service is authorized, the serving party must make reasonable efforts to provide actual notice and must mail the summons, complaint, and authorizing order to the defendant's last-known residential or business address. Fed R. Civ. P. 4.1 (k).

Although "impracticable" does not require a complete inability to serve a defendant—and is a lesser showing than the "due diligence" required for service by publication—it nevertheless requires more than minimal or conclusory efforts. *See Blair v. Burgener*, 226 Ariz. 213, 218-19 (App. 2010) The movant must demonstrate that traditional service has proven "extremely difficult or inconvenient" despite reasonable efforts. *Id.* at 218.

On this record, Plaintiff has not demonstrated that service by traditional means is impracticable. Plaintiff describes a single attempt to serve Defendant Kasunic, made at her business address on October 8, 2026. (Doc. 25 at 1.) Plaintiff does not describe any attempt to serve Kasunic at any other place or time, or any attempt at all to serve the remaining Defendants. (*See generally* Doc. 25.) Plaintiff's efforts fall far short of the circumstances in which courts have found traditional service impracticable. *See Bank of N.Y. Mellon v. Dodev*, 246 Ariz. 1, 10 (App. 2018) (five attempts at personal service at different times of day); *Blair*, 226 Ariz. at 219 (five attempts at personal service at both a residential and a business address at different times); *Sobh v. Phoenix Graphix Inc.*, No. CV-18-04073-PHX-DWL, 2019 WL 8326075, at *2 (D. Ariz. Jan. 10, 2019) (four attempts at personal service at a business address and two attempts at a residential address). Plaintiff therefore has not established that traditional service has become extremely difficult or inconvenient.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Alternative Service (Doc. 25) is **DENIED**.

Dated this 13th day of November, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge